UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2011 ★
BROOKLYN OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | 08-CR-370 |
| v. | 11-CR-588 |
| ERIC BUTLER, | Addendum to Sentencing Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

The following is an addendum to the January 22, 2010 Sentencing Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) in the case of United States v. Eric Butler, 08-CR-370 ("January 22, 2010 Statement of Reasons"). Following sentencing, Eric Butler appealed from his conviction. On June 15, 2011, the Court of Appeals for the Second Circuit issued an opinion affirming Butler's conviction on Counts One and Three, and reversing his conviction on Count Two on the grounds that venue was improper in the Eastern District of New York. United States v. Tzolov, 642 F.3d 314 (2011). That same day, the Court of Appeals issued a one-page summary order rejecting all of Butler's other arguments and affirmed the judgment of conviction. United States v. Tzolov, Nos. 10-562-cr, 10-754, 2011 WL 2342640 (2d Cir. June 15, 2011). On August 10, 2011, the Court of Appeals issued a mandate directing the court to conduct a resentencing.

On July 14, 2009, the government filed a fourteen-count indictment against Butler and co-defendant Julian Tzolov in the Southern District of New York alleging that defendants committed wire fraud in violation of 18 U.S.C. § 1343. Of the fourteen counts, seven pertained to Butler and seven pertained to his co-defendant. Pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, all counts in that action were transferred to this court on July 26, 2010 for

1

the convenience of the parties and witnesses and in the interest of justice; it is 11-CR-588 in the Eastern District of New York.

At a hearing August 23, 2011, Butler waived any objection to venue in the Eastern District of New York for Count Two of the indictment in docket number 08-CR-370, as well as Counts One through Six and Ten of the indictment in docket number 11-CR-588. Butler then pleaded guilty to Count Two of 08-CR-370 and Counts One through Six and Ten of 11-CR-588.

Count One through Three of 08-CR-370 are described in the January 22, 2010 Statement of Reasons.

Count One of 11-CR-588 charged that on or about February 9, 2005, Butler, together with others, unlawfully, willfully, and knowingly, having devised a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, namely, a scheme and artifice, among other things, to defraud corporate clients, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice in violation of 18 U.S.C. § 1343.

Count Two of 11-CR-588 charged that on or about May 10, 2005, Butler, together with others, unlawfully, willfully, and knowingly, having devised a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, namely, a scheme and artifice, among other things, to defraud corporate clients, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice in violation of 18 U.S.C. § 1343.

Count Three of 11-CR-588 charged that on or about April 25, 2007, Butler, together with others, unlawfully, willfully, and knowingly, having devised a scheme and artifice to defraud and

for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, namely, a scheme and artifice, among other things, to defraud corporate clients, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice in violation of 18 U.S.C. § 1343.

Count Four of 11-CR-588 charged that on or about May 18, 2007, Butler, together with others, unlawfully, willfully, and knowingly, having devised a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, namely, a scheme and artifice, among other things, to defraud corporate clients, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice in violation of 18 U.S.C. § 1343.

Count Five of 11-CR-588 charged that on or about May 2, 2006, Butler, together with others, unlawfully, willfully, and knowingly, having devised a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, namely, a scheme and artifice, among other things, to defraud corporate clients, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice in violation of 18 U.S.C. § 1343.

Count Six of 11-CR-588 charged that on or about August 9, 2007, Butler, together with others, unlawfully, willfully, and knowingly, having devised a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, namely, a scheme and artifice, among other things, to defraud corporate clients, did transmit and cause to be transmitted, by means of wire communication in interstate and

foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice in violation of 18 U.S.C. § 1343.

Count Ten of 11-CR-588 charged that on or about August 6, 2007, Butler, together with others, unlawfully, willfully, and knowingly, having devised a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, namely, a scheme and artifice, among other things, to defraud corporate clients, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice in violation of 18 U.S.C. § 1343.

The offense charged in Count One of 08-CR-370 carried a maximum term of imprisonment of five years, 18 U.S.C. § 371; the offenses charged in Counts Two and Three of 08-CR-370 and Counts One through Six and Ten of 11-CR-588 each carried a maximum term of imprisonment of twenty years, 15 U.S.C. § 78ff; 18 U.S.C. §§ 1349, 1343. The maximum fine for each of Counts One and Three of 08-CR-370 and Counts One through Six and Ten of 11-CR-588 was double the gain attributable to the offense, or $500,000, see 18 U.S.C. §§ 371, 1343, 1349, 3571(d); the maximum fine for Count Two was $5,000,000, see 15 U.S.C. § 78ff. The guidelines range of fines was between $15,000 and $5,000,000. U.S.S.G. § 5E1.2(c).

Butler was sentenced to five years' imprisonment and three years' supervised release on each of Counts One, Two, and Three of 08-CR-370 and each of Counts One through Six and Ten of 11-CR-588. All prison terms and supervised release are to be served concurrently. A $1,000 special assessment was imposed. Fines of $500,000 were imposed for each of Counts One and Three of 08-CR-370 and each of Counts One through Six and Ten of 11-CR-588, and a fine of $5 million was imposed for Count Two of 08-CR-370. Fines were imposed concurrently for a total of $5 million. All of defendant's current assets, estimated to be approximately $3,988,856,

4

minus forfeiture payable forthwith in the amount of $250,000, are to be applied to the fines. Any remaining unpaid amount of fines is to be payable at the rate of 5% of defendant's net income per month after his release from custody, with interest to be waived, permitting support of defendant's family.

No restitution to Butler's victims was ordered, because the extent of any loss to the victims was impossible to determine. It was noted, but not relied upon by the court in denying restitution, that Butler's clients' own conduct in failing to adequately supervise Butler and evaluate the nature of the securities purchased was a contributing factor in any losses they may have suffered. See, e.g., United States v. Berman, 21 F.3d 753, 757 (7th Cir. 1994) ("[E]ven if the bank was negligent, it would be entitled to restitution from a deliberate wrongdoer; contributory negligence is not a defense to fraud."); United States v. Zafar, 291 Fed. App'x 425, 429 (2d Cir. 2008).

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and Booker, taking into account the defendant's personal situation and characteristics and the circumstances of the financial industry in which he worked. Those characteristics and circumstances were discussed at length in the court's January 22, 2010 Statement of Reasons. They were further elucidated at the hearing of August 23, 2011.

At the August 23, 2011 hearing, several witnesses testified to Butler's conduct since his initial sentencing. They noted that Butler has been a wonderful father to his young son and an asset to the community through his involvement with young children at Battery Park and

5

elsewhere. A substantial number of letters were also submitted on his behalf. This information provides no basis for departing from the sentence previously imposed. In sentencing Butler to a term of five years' incarceration on January 20, 2010, the court imposed a non-guidelines sentence under 18 U.S.C. § 3553(a) in large part because defendant was "supported by a large community of family and friends, and a wife and child, who have attested to his good character in written submissions to the court." 1/22/10 Statement of Reasons at 6. Butler's conduct in the interim, while laudable, has been along the lines that the court assumed it would be when it sentenced Butler to a term of five years' incarceration.

Because neither Butler nor the government has presented evidence of characteristics or circumstances that were not considered by this court when it originally imposed a sentence of five years' incarceration, the court sees no reason to depart from its prior decision.

Jack B. Weinstein
Senior United States District Judge

Dated: August 24, 2011
Brooklyn, New York